## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

Jennifer Graylock,

                Plaintiff,

    v.

Trust Counsel, PLLC and Leslie V. Marenco,

                Defendants.

_____/

Case No:

**COMPLAINT**

DEMAND FOR JURY TRIAL

Plaintiff Jennifer Graylock ("*Plaintiff*"), by and through her undersigned counsel, for her Complaint against defendant Trust Counsel, PLLC ("*Trust Counsel*") and Leslie V. Marenco ("*Marenco*") (collectively "*Defendants*") states and alleges as follows:

### INTRODUCTION

1.    This action seeks to recover damages for copyright infringement.

2.    Plaintiff herein creates photographic images and owns the rights to these images which Plaintiff licenses for various uses including online and print publications.

3.    Upon information and belief, Trust Counsel owns and operates a website known as trustcounsel.com (the "*Website*").

4.    Upon information and belief, Marenco is the managing partner of Trust Counsel.

5.    Defendants, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

### PARTIES

6.    Plaintiff Jennifer Graylock is an individual who is a citizen of the State of Florida and maintains a principal place of business in Collier County, Florida.

7.     Upon information and belief, Trust Counsel, PLLC, is a Florida Professional Limited Liability Company with a principal place of business at 201 Alhambra Circle, Coral Gables in Miami-Dade County, Florida.

8.     Upon information and belief, Defendant Leslie V. Marenco is an individual who is a citizen of the State of Florida with a principal place of business at 201 Alhambra Circle, Coral Gables in Miami-Dade County, Florida.

9.     Since at least June 2017, Trust Counsel has operated a law firm/legal business in this State and is registered to do business in this State. Since at least April 2010, Marenco, the listed member of Trust Counsel, has been a licensed by the Florida Bar to practice law in this State.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

11.     This Court has personal jurisdiction over Trust Counsel because it maintains its principal place of business in Florida.

12.     This Court has personal jurisdiction over Marenco because she resides and maintains a principal place of business in Florida.

13.     Venue is proper under 28 U.S.C. §1391(a)(2) because Defendants do business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

14.     Plaintiff is an award-winning professional photographer who is the legal and rightful owner of photographs which Plaintiff licenses to online and print publications.

15.     Plaintiff's works have been published worldwide in well-known fashion and entertainment publications such as Vogue, Glamour, Us Weekly, People, TV Guide and InStyle.

16.     Plaintiff has invested significant time and money in building Plaintiff's

portfolio which includes photographs of prominent politicians, royalty, celebrities, and other public figures.

17.     Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

18.     Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

19.     Trust Counsel is the registered owner of the Website and is responsible for its content.

20.     Trust Counsel is the operator of the Website and is responsible for its content.

21.     The Website is a popular and lucrative commercial enterprise.

22.     The Website is monetized in that it promotes Defendants' legal services to the public and, upon information and belief, Defendants profit from these activities.

23.     On February 2, 2003, Plaintiff authored an exclusive photograph of Leona Hemsley holding her pet Maltese named Trouble (the "*Photograph*"). A copy of the Photograph is attached hereto as Exhibit 1.

24.     Plaintiff applied to the USCO to register the Photograph on April 4, 2019, under Application No. 1-7571627531.

25.     The Photograph was registered by USCO on April 4, 2019, under Registration No. VA 2-148-769.

26.     On March 1, 2020, Plaintiff first observed the Photograph on the Website in a story titled ""Leona Helmsley and Her Millionaire Dog?" dated October 31, 2019. A copy of the screengrab of the Website including the Photograph is attached hereto as Exhibit 2.

27.     The     Photograph     was     displayed     at     URL: https://trustcounsel.com/2019/10/leona-helmsley-and-her-millionairedog/.

28.     The     Photograph     was     stored     at     URL:     https://trustcounsel.com/wp-

content/uploads/2019/10/Leonas-Picture-1.jpg.

29.     Without permission or authorization from Plaintiff, Defendants volitionally selected, copied, stored and/or displayed Plaintiff copyright protected Photograph as is set forth in Exhibit "1" on the Website.

30.     Upon information and belief, the Photograph was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement"*).

31.     The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

32.     The Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendants on the Website.

33.     Upon information and belief, Defendants take an active and pervasive role in the content posted on its website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

34.     Upon information and belief, the Photograph was willfully and volitionally posted to the Website by Defendants.

35.     Upon information and belief, Trust Counsel is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

36.     Upon information and belief, Defendants were notified of the Infringement by letter dated March 4, 2020, and a subsequent letter dated January 25, 2022.

37.     Despite the two prior notifications, Defendants purposefully and intentionally chose not to remove the infringing material.

38.     On January 18, 2023, Plaintiff's counsel sent a third notification of Plaintiff's claim to Marenco via email.

39.     On January 20, 2023, Plaintiff's counsel attempted to contact Defendants by telephone which was unsuccessful.  Plaintiff sent a follow up email to Marenco the same day.

40.     On January 24, 2023, Plaintiff's counsel again contacted Defendants by telephone and spoke to the receptionist who confirmed Marenco and Trust Counsel were aware of Plaintiff's claim.  Thereafter, a final follow-up email was sent.

41.     Despite all of the prior notifications, no response was received from Defendants.

42.     Despite all of the prior notifications, Defendants undertook no corrective action with regard to the Infringement.

43.     Based on the prior notifications, Defendants are actually aware of the facts or circumstances regarding the Infringement, yet have blatantly ignored Plaintiff's demands to cease and desist using Plaintiff's Photograph on the Website, and her requests to resolve the matter prior to litigation.

44.     Upon information and belief, Defendants have engaged in the infringement knowingly in violation of applicable United States Copyright Laws.

45.     Upon information and belief, Marenco, as managing member of Trust Counsel, directly contributes to the content posted on the Website.

46.     Upon information and belief, Marenco authored the infringing article on the Website.

47.     Defendants are responsible for operating and controlling the activities on the Website.

48.     Upon information and belief, Defendants had complete control over and actively reviewed and monitored the content posted on the Website.

49.     Upon information and belief, Defendants have the legal right and ability to control and limit the infringing activities on their Website and exercised and/or had the right and ability to exercise such right.

50.     Upon information and belief, Defendants monitor the content on their Website.

51.     Upon information and belief, Defendants received a financial benefit directly attributable to the Infringement.

52.     Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendants to realize an increase their advertising and/or legal service revenues.

53.     Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

54.     Upon information and belief, Defendants at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

55.     Defendants' use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

56.     As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

## **FIRST COUNT**
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

57.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

58.     The Photograph is an original, creative work in which Plaintiff owns valid copyrights properly registered with the United States Copyright Office.

59.     Plaintiff has not licensed Defendants the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendants.

60.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendants improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff

6

thereby violating one of Plaintiff's exclusive rights in its copyrights.

61.     Defendants' reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

62.     Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the infringing article on the Website.

63.     Plaintiff is informed and believes and thereon alleges that the Defendants continue to willfully infringe upon Plaintiff's copyrighted Photograph despite receiving numerous notices of Plaintiff's infringement claim.

64.     As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants for the infringement pursuant to 17 U.S.C. § 504(c).

65.     As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendants.

66.     As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendants infringed upon Plaintiff's

rights to the Photograph in violation of 17 U.S.C. §501 <u>et seq.</u> and award damages and monetary relief as follows:

    a.    finding that Defendants infringed upon Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

    b.    for an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants for the infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

    d.    for costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

    e.    for pre judgment interest as permitted by law; and

    f.    for any other relief the Court deems just and proper.

DATED: February 13, 2023

**SANDERS LAW GROUP**

By:   */s/ Craig B. Sanders*_____
Craig B. Sanders, Esq. (Fla Bar 985686)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 125054

*Attorneys for Plaintiff*

8